## THE PEOPLE ex rel. DAVID WOOLF v. AARON JACOBS, Respondent.

*Fine for contempt — counsel fee cannot be included in — effect of including it in commitment — Habeas corpus.*

Where the court, in pursuance of 3 Revised Statutes (5th ed.), 853, section 21, imposes a fine upon one who has been guilty of a contempt, it has no authority to include therein an allowance for counsel fees.

The respondent, having been duly adjudged guilty of contempt in conveying certain real estate in violation of an injunction, was committed until he should pay a fine consisting of the value of the property so conveyed, the costs and expenses of the proceeding, and a counsel fee of $150. Subsequently he was discharged in proceedings on *habeas corpus*, on the ground that the unauthorized addition of the counsel fee to the fine authorized by the statute, rendered the commitment void. Upon a *certiorari* to review these proceedings, *held*, that though so much of the commitment as required him to pay the counsel fee was unauthorized, yet, until the respondent paid the sums legally adjudged against him, he was lawfully held in custody under the commitment; and that the order discharging him should be reversed, and he be remanded to the custody of the sheriff.

If the respondent desired to review the order of commitment, he should have appealed therefrom.

Writ of *certiorari* issued to review proceedings had on *habeas corpus*, in which the respondent, Aaron Jacobs, was discharged from the custody of the sheriff of the county of New York.

*C. Bainbridge Smith*, for the relator.

*Samuel J. Crooks*, for the respondent.

Daniels, J.:

A judgment was recovered against the respondent, in the Superior Court of the city of New York, on which, after filing a transcript and docketing it in the office of the clerk of the county of New York, an execution against property was issued and returned in part unsatisfied. Supplementary proceedings were thereupon taken against him, in which he was forbidden by the order of one of the judges of that court from making any transfer, or other disposition of his property, not by law exempt from execu

tion, and from all interference therewith, during the continuance of the order. While that order was binding and operative upon him, he sold and conveyed a farm owned by him in Ulster county. And for that violation of the order, proceedings were taken against him before one of the judges of the same court to punish him for a contempt. In the course of them he was brought before the judge, a hearing of this charge was had, and an adjudication on the proofs produced was made against him. An appeal was then taken by him to the General Term, where the order was affirmed. The defendant was then brought before the judge by an attachment, examined on interrogatories, and further proofs taken, on which an adjudication was made, by which the value of the farm was ascertained to be the sum of $2,068.29, and the relator's costs and expenses adjusted at the sum of $252.25. These facts were, according to the terms and recitals of the commitment, determined upon proofs produced before the judge satisfactorily sustaining those conclusions. And no objection to the sufficiency of the proofs seems to have been taken on the hearing of the *habeas corpus*, and none was urged upon the argument before this court. In fact, no such objection could with any propriety be taken, because the proofs themselves did not appear upon the hearing had on the return to the writ of *habeas corpus*. But it was then claimed, as it has also been before this court, in support of the discharge, that, as the judge added to those amounts the sum of $150, as a reasonable counsel fee to the relator's cousel, and included that in the fine imposed upon the respondent, and directed his commitment and imprisonment until all should be paid, it nullified the entire proceeding, and entitled the respondent to be set at liberty.

There seems to be no reason for doubting the entire correctness of the position taken, that the allowance made for counsel fee was without authority. In this class of cases the statute has plainly prescribed what may be done with the person found to be in contempt; and it is, that a fine shall be imposed upon him sufficient to indemnify the injured party for the loss and injury produced by the misconduct, and to satisfy his costs and expenses. (3 R. S. [5th ed.], 853, § 21.) And for the non-payment of that fine, the party guilty of the misconduct may be lawfully imprisoned until it shall be paid, or he be otherwise discharged according to law. (Id., §§ 20–24.) The judge

had no authority for adding a counsel fee to the costs and expenses, when the statute declared that to be all that could be allowed beyond the indemnity for the loss produced by the party's misconduct ; and a proper allowance for that had previously been made. (*Sudlow* v. *Knox*, 7 Abb. Pr. [N. S.], 411.) And because of that addition, and the inclusion of the amount of it in the fine imposed, the respondent was discharged on the writ of *habeas corpus*. It was held that this rendered the whole proceeding for his punishment void, and entitled him to his discharge upon the *habeas corpus*. How the conclusion arrived at could legally follow from this circumstance, it is difficult to see. For the statute declaring the cases in which discharges may be made from imprisonment upon *habeas corpus*, has provided that it shall be the duty of the court or officer hearing the case, forthwith to remand the applicant for the writ, when it shall appear that he is detained in custody for any contempt, specially and plainly charged in the commitment, by some court, officer, or body having authority to commit for the contempt so charged. (3 R. S. [5th ed.], 887, § 55, sub. 3.) The only exception made to the provision is, that the discharge may be directed when it appears that the prisoner is in custody on civil process, and the jurisdiction of the court or officer has been exceeded, either as to matter, place, sum, or person. (3 R. S. [5th ed.], 887, § 56.) But this provision did not entitle the respondent to be discharged in this case, for the jurisdiction of the officer was not exceeded by the mere addition of this unauthorized counsel fee. His jurisdiction as to amount was unlimited, and therefore could not be exceeded by the erroneous allowance of a specific sum to which the relator had no right. And if it had been exceeded to that extent alone, no good reason can exist for holding that sufficient to render the residue of the sums allowed ineffectual, as to which there was no defect whatever in the jurisdiction. · It was erroneous to allow the counsel fee, but that was not an error which annulled the other two items lawfully required to be paid. The aggregate fine was made up of three distinct items, two of which, according to the facts stated in the commitment, were free from all objection. For the non-payment of those two, the imprisonment and commitment were lawful ; and while they remained unpaid, sufficient legal cause existed for the detention of the respondent in custody. It is true

they were included with the counsel fee, in the aggregate fine, but as long as they were distinctly severable by the facts recited in the commitment, that could work no possible injury to the respondent. The amounts due for the loss occasioned by his misconduct, and for costs and expenses, were clearly and distinctly stated, and if he could not be detained for the counsel fee, he should have paid the others before he applied for his discharge. They were, as long as they remained unpaid, legal causes for his detention in custody, plainly and specially stated in the commitment, and, according to the statute, required him to be remanded, instead of being discharged. As to them, certainly, the jurisdiction of the judge was in no way exceeded. The case of *Sudlow* v. *Knox* (*supra*), was supposed to sustain a different conclusion, but an examination of the facts will show that to be a mistake. That was a proceeding by way of appeal, and while the court held the allowance of counsel fees to be improper, it did not hold that alone to be sufficient to render the entire order invalid. The contempt held to be established, consisted in the refusal of the party proceeded against to leave his books with the referee after he had produced them, and to permit a witness to examine them. And for those acts a gross sum was imposed upon him as a fine, without any proof of loss or injury to justify it, and a counsel fee added to the amount. There was no apportionment of the amount to the different subjects of the order, as there was in the present case. And when the proceeding was found to be erroneous, there was no other course which could be adopted for the correction of the errors, than a reversal of the entire order.

The proceeding against the respondent, for the contempt, was what the law denominates a special proceeding. (Code, §§ 1–3.) And the final order made in it was the subject of an appeal, on which the propriety of the adjudication made could be thoroughly reviewed. (Vol. 5, N. Y. Statutes at Large, 133.) By the second section of this act, section 330 of the Code of Procedure is rendered applicable to such a review. And that provides that the appellate court may affirm, reverse, or modify the order appealed from. If an appeal had been taken from the order, it would have been the duty of the court to correct or modify the order by rejecting the allowance made by it for the counsel fee, and to affirm it as to

so much of the fine as was imposed for the loss or injury, and for the costs and expenses. No difficulty whatever could exist in the way of such a modification, as long as the several amounts were definitely declared, of which the gross sum was composed. And that would have been the extent of the correction or relief which could be lawfully awarded upon an appeal. By necessary implication the residue of the order was rendered lawful and valid by the operation and effect of this legislation. It was sustained by the statute, under which the proceeding was taken, as to the two most important adjudications contained in it; and the law only allowed its reversal or 'modification so far as it was without any support of that description. It was lawful in part, and erroneous, or without authority, in part. And it was only as to the latter that it required correction, or could have been corrected, if an appeal had been taken in the proceeding. By such a correction the imprisonment would have been limited to the payment of the amount required to indemnify the creditor for his loss and injury, and for his costs and expenses. And to that extent the practice prescribed by the legislature clearly gave it validity, even in a direct proceeding taken by way of an appeal for the purpose of reviewing it. From that it necessarily follows that, to that extent, it lawfully justified the respondent's detention in custody. For it could not be valid as to an appeal, and invalid by way of a return to a writ of *habeas corpus*. That would be a plain absurdity which the law cannot be chargeable with maintaining. So far as these several statutes relate to this subject, they are required to be construed together; and as long as they contain nothing inconsistent with that conclusion, they should be so harmonized as to maintain the same result.

More liberty is taken with legal proceedings when they are brought under review by writ of error or appeal, than when they are only collaterally in question, as is the case upon a writ of *habeas corpus*. In the former, every thing properly appertaining to them is brought before the court, and all material errors can be corrected; while in the latter, only the adjudication or final process can properly be returned, and no means of correction or modification exists. But one of two alternatives can be followed : the proceeding must be held invalid, or a lawful justification for

imprisonment. And every intendment that can reasonably be entertained is indulged in its favor, for that reason, where it may be collaterally in question. Upon this subject Judge Denio held, in deciding the case of *People* v. *Hackley* (24 N. Y., 74, 77), that, as a general rule, the propriety of a commitment for contempt is not examinable in any other court than the one by which it was awarded. This is especially true where the proceeding by which it is sought to be questioned is a writ of *habeas corpus*, as the question on the validity of the judgment then arises collaterally, and not by the way of review. The *habeas corpus* act, moreover, declares that where the detention of the party seeking to be discharged by *habeas corpus* appears to be for any contempt, plainly and specifically charged in any commitment ordered by a court of competent jurisdiction, he shall be remanded to the custody in which he was found. In this case it is not denied that a contempt was specially and plainly charged in the commitment; and it was rendered none the less so because a sum of money was required to be paid for it beyond that prescribed by law, as long as it was capable of being deducted from the other sums lawfully required to be paid.

It was supposed by counsel on the argument, that the decision made in the case of *The People on the relation of Tweed* v. *Liscomb* (60 N.Y.), may have introduced a new rule for the government of this class of cases. But if it did, this case is not included within it, for the reason that the relator in that case had complied with what the court held to be the lawful portion of the judgment rendered against him. To bring the respondent within that case, he should certainly have first paid the amounts adjudged against him as an indemnity for the loss or injury produced to the relator, and for his costs and expenses. The case of Duffy has as little to do with the present controversy. He was in custody under the judgment of a competent criminal court, pronounced upon what was no more than erroneous decisions made in the course of his trial and sentence.

Until the respondent paid the sums legally adjudged against him, he was lawfully held in custody under the commitment. Instead of being discharged he should have been remanded. The order

made for his discharge should therefore be reversed, with costs, and he should be remanded to the custody of the sheriff.

DAVIS, P. J., and BRADY, J., concurred.

Ordered accordingly.